IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Lourdes Chaar-Padin,<br><br>Plaintiff,<br><br>v.<br><br>Department of Education of Puerto Rico,<br><br>Defendants. | **Civil No. 24-1351 (GMM)** |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants Puerto Rico Department of Education and Commonwealth of Puerto Rico's ("Commonwealth") (collectively, "Defendants") *Notice of Injunction* filed at Docket No. 18. Both parties have presented their arguments on whether the injunction applies to the claims filed in the current proceeding.

Defendants assert that the instant action, seeking damages for alleged discrimination in employment was discharged pursuant to PROMESA[1] through the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth* and is now subject to a permanent injunction.[2] (Id. at 2).

---

[1] The *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") is codified at 48 U.S.C. §§ 2101-2241.
[2] *Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the*

On February 19, 2025, Plaintiff Lourdes Chaar Padín ("Plaintiff") filed an *Opposition to Notice of Injunction*. (Docket No. 21). Plaintiff argues that the discharge and corresponding injunction are inapplicable, asserting that her claims are exempted from the discharge. Particularly, Plaintiff posits that her "allegations, which include age and disability discrimination and retaliation—many of which arose after the effective date—must proceed to trial". (Id. at 5).

On March 13, 2025, Defendants filed a *Reply to Opposition to Notice of Injunction* reiterating that Plaintiff's claims are barred from further litigation in this Court. (Docket No. 26).

### I. LEGAL OVERVIEW

As is well known, on May 3, 2017, the Financial Oversight and Management Board for Puerto Rico filed a voluntary petition for relief in bankruptcy on behalf of the Commonwealth of Puerto Rico pursuant to PROMESA § 304(a). On January 18, 2022, the Court entered an Order and Judgment ("the Confirmation Order")[3] confirming a plan ("Confirmed Plan")[4] that would govern subsequent proceedings. On March 15, 2022, the Confirmed Plan became effective

---

*Commonwealth of Puerto Rico, and the Puerto Rico Buildings Authority*, Docket No. 19784 in Case No. 17-bk-3283-LTS.

[3] *Order and Judgment Confirming Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Buildings Authority*, Case No. 17-bk-3283-LTS, Docket No. 19813, ("Case No. 17-3283").

[4] Docket No. 19784 in Case No. 17-3283.

("Effective Date"), and after that date, the Confirmation Order permanently enjoined parties from "commencing or continuing, directly or indirectly ... any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind" regarding any discharged claims against the Debtor. (Case No. 17-3283, Docket No. 19813, "Confirmation Order" at ¶ 59).

Section 92.2 of the Confirmed Plan, discharged and released the Debtor/Commonwealth from "any and all Claims, Cause of action and any other debts that arose, in whole or in part, prior to the Effective Date." (Confirmed Plan §92.2(a) (emphasis added).

In addition, the Title III Court retains exclusive jurisdiction over any matter arising under PROMESA, including, without limitation:

> to resolve any cases, controversies, suits, disputes or other challenges of any kind that may arise in connection with the consummation, interpretation or enforcement of the Plan, the Confirmation Order . . . . to determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, . . . .

Plan § 91.1(g), (j); Confirmation Order ¶ 83.

## II. ANALYSIS

Defendants argue that because "[p]er the allegations in the Complaint, the events that gave rise to the same started in 2020," Plaintiff's claims arose before the Confirmation Order was issued

and before the "Effective Date". They further argue that the allegations in the Complaint do not involve intentional fraud or willful misconduct and are consequently not excepted from the injunction as "Released Claims". (Docket No. 18, ¶ 8-13). Therefore, Defendants posit that Plaintiff's "claims arose in part before March 2022 and therefore, absent an administrative expense claim, the totality of her claims are discharged and forever barred" by the Confirmed Plan. (Id. at ¶¶ 11; 13). Plaintiffs disagree, arguing that this case includes claims or demands arising from intentional fraud or willful misconduct, as well as "events occurring between 2020 and 2024". (Docket No. 21, ¶ 10).

Therefore, it is disputed if the claims and conduct alleged in the Complaint "arose, in whole or in part," before the Effective Date of the Confirmed Plan.

Consequently, pursuant to the Plan and Confirmation Order, the adequate forum to resolve the pending dispute regarding the interpretation of the Plan and the scope of its discharge provisions is the Title III Court.

### III. CONCLUSION

The Court has carefully reviewed the Parties' arguments. Upon consideration of said submissions, the Court hereby **STAYS** the instant case pending the Title III Court's determination regarding

**Civil No. 24-1351(GMM)**
**Page -5-**

the applicability of the Discharge Injunction to Plaintiff's claims.

    IT IS SO ORDERED

    In San Juan, Puerto Rico, March 26, 2025.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE
